IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-40098 |
| ) | |
| KOBIE RESHUN DAVIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Davis's Motions for Compassionate Release (Docs. 68,73) and the Government's Response (Doc. 75). For the reasons set forth below, Defendant's Motions are DENIED.

### BACKGROUND

Defendant pleaded guilty on March 25, 2014, to conspiracy to distribute cocaine. His plea agreement stipulated that pursuant to Rule 11(c)(1)(C), Defendant total prison term should be 216 months. On April 8, 2014, Defendant was sentenced to 216 months imprisonment followed by a total of five years of supervised release. Defendant is currently incarcerated at USP Marion, Illinois at the minimum-security camp and his scheduled release date from the Federal Bureau of Prisons is December 20, 2026.

On June 2, 2020, Defendant filed a Motion for Compassionate Release. Doc. 68. On July 30, 2020, appointed counsel filed an Amended Motion for Compassionate Release on his behalf. Doc. 73. On August 20, 2020, the Government filed its Response in opposition to compassionate release. Doc. 75. This opinion follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

If an inmate has a chronic medical condition identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming severely ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition reasonably may be found to be "serious" and to "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13, cmt. n.1(A)(ii)(I).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain

the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

### A. Eligibility for Compassionate Release

The parties appear to agree that Defendant exhausted his claims and focus their briefs on the merits of Defendant's request. Defendant seeks compassionate release due to medical conditions that he asserts increase his risk for severe illness if he contracts COVID-19. Doc. 105 at 4. He is 42 years old and cites childhood asthma, high blood pressure, and an enlarged prostate as risk factors. The Government counters that his last self-reported asthma attack was at age 13 and that the CDC only reports that people with moderate to severe asthma might be at increased risk for a serious infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed September 21, 2020). The Government further asserts that there is no evidence that he has an enlarged prostate or that it would be a risk factor in any event. Finally, the Government acknowledges that Defendants medical records show that he suffers from benign essential hypertension, high blood pressure, but argues that it is well-controlled by medication. Accordingly, while the CDC has identified hypertension as a condition that "might" cause someone to be at an increased risk, the Government argues that is not enough to reach the "extraordinary and compelling circumstances" required for release, particularly when it is well-controlled with medication.

Moreover, the Government represents that on July 21, 2020, Defendant tested positive for COVID-19, and his medical records indicate that he had only very mild symptoms which appear to have been limited to a headache and body aches for a couple of days. Doc. 77-1. Accordingly, the Government argues that the parties need not guess how Defendant would respond to a coronavirus infection because he had a mild case. And, the Government points out that the Defendant likely has some immunity, at least for a period of time. That Defendant's symptoms were mild, and he likely now has some immunity further militates against release based.

Additionally, in contrast to some of the other BOP facilities where COVID-19 outbreaks are uncontrolled, there are currently only two inmates and eight staff members who are positive for COVID-19 at USP Marion where Defendant is housed. (https://www.bop.gov/coronavirus/ (last visited on 9/23/2020)). As previously stated, "[t]he mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release." *See e.g., United States v. Melgarejo*, 2020 WL 2395982 (C.D. Ill. May 12, 2020). Given the fairly limited number of infections present at the facility, the Court believes the BOP's approach to containing the outbreak at this facility is adequate. Therefore, the Court finds Defendant has failed to meet his burden of establishing extraordinary and compelling circumstances justifying his release.

## CONCLUSION

For the reasons set forth above, Defendant's Motions [68] and [73] are DENIED.

Entered this 24th day of September, 2020.

                                                            s/ Michael M. Mihm
                                                            Michael M. Mihm
                                                            United States District Judge